IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARK HOPSON, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal No. 03-151 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

CONTI, District Judge.

Pending before the court is a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 241) filed by defendant Mark Hopson ("Hopson" or "defendant"). Upon reviewing defendant's motion and the government's opposition to defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 243), the court will DENY petitioner's motion for the reasons set forth herein.

*Background*

On May 19, 2003, a federal grand jury returned an indictment charging petitioner with seven counts of criminal acts, based upon conduct occurring between 1998 and 2002. (Docket No. 1.) The charges stemmed from Mark Hopson's dealing in crack cocaine during that period. In count one, Mark Hopson was charged with conspiracy to distribute and conspiracy to possess with intent to distribute 50 or more grams of crack cocaine from 1998 through 2002, in violation of 21 U.S.C. § 846. In counts two through six, defendant was charged (along with his mother, co-defendant Sarah Hopson) with conducting transactions with the proceeds of the illegal drug trafficking. Specifically, count two charged a violation of 18 U.S.C. § 1956(h) (money

laundering conspiracy), involving a $16,000 down payment on a 2001 GMC Yukon Denali motor vehicle, a $12,000 child support payment to the Mercer County Court of Common Pleas, and various purchases of household goods in an amount in excess of $100,000. Count three charged a violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2 regarding the payment of $12,000 in child support, and count four charged a violation of 18 U.S.C. § 1957(a) regarding that payment. Count five charged a violation of 18 U.S.C. § 1956(a)(1)(B)(i) regarding the purchase of the GMC Yukon Denali motor vehicle. Count six charged a violation of both 18 U.S.C. § 1957(a) and 18 U.S.C. § 2 regarding the down payment of $16,000 toward the purchase of the vehicle. In count seven, defendant was charged with a violation 18 U.S.C. § 922(g)(1) for possessing a firearm while having previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

A jury trial on those charges was set for April 2005. Prior to the scheduled trial on October 5, 2004, the government filed a notice of information pursuant to 21 U.S.C. § 851 charging two prior offenses. (Docket No. 106.) On February 7, 2005, the government filed a complaint against Mark Hopson charging him with a violation of 18 U.S.C. § 1512(a)(2)(B)(i), for tampering with a witness for the upcoming trial by the use of physical force. (Criminal No. 05-42, Docket No. 1.) A grand jury indicted Hopson on this charge on March 1, 2005. (Criminal No. 05-42, Docket No. 12.) The government petitioned for an arrest warrant for Hopson at Criminal No. 03-151, and it was thereafter issued. Hopson's bond was subsequently revoked. (Docket No. 112.)

On the eve of trial on April 8, 2005, the parties reached a plea agreement, and Hopson changed his plea from not guilty to guilty as to counts one and two of the Indictment at Criminal

No. 03-151. (Docket Nos. 138 and 139.) As part of the agreement, the government dropped the other charges at Criminal No. 03-151 and filed an amended information charging Hopson with only one prior felony conviction, as opposed to two. (Docket No. 137.) The court ordered that a presentence investigation report be prepared. (Criminal No. 05-42, Docket No. 55.)

On June 13, 2006, Hopson changed his plea at Criminal No. 05-42 from not guilty to guilty. Hopson's sentencing for all the charges to which he pled guilty also occurred on June 13, 2006. This court, after considering, among other things, the presentence investigation report, sentenced Hopson to a term of imprisonment of 360 months, to be followed by a ten-year term of supervised release, at count one of the indictment at Criminal No. 03-151, and to a concurrent term of imprisonment of 240 months at count two of that same indictment. (Docket Nos. 182 and 183.) At Criminal No. 05-42, Hopson was sentenced to a term of imprisonment of 240 months to run concurrently with the sentence imposed at Criminal No. 03-151. (Criminal No. 05-42, Docket Nos. 56 and 57.)

Defendant filed notices of appeal on July 5, 2006. (Criminal No. 03-151, Docket No. 188; Criminal No. 05-42, Docket No. 63.) On October 9, 2007, the United States Court of Appeals for the Third Circuit affirmed the sentences imposed by this court. (Docket No. 238.)

On or about July 16, 2008, the clerk of court received and filed defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 241.) In his motion, defendant raises two issues: (1) recent retroactive Sentencing Guidelines amendments for crack cocaine offenses mandate that he be resentenced at a different base level, and (2) his sentence was "jurisdictionally defective" because it was imposed based upon an amended section 851 information.

*Standard of Review*

Generally, a district court may not alter a criminal sentence of punishment once it has been imposed. United States v. Wise, 515 F.3d 207, 220 (3d Cir. 2008). If the defendant's sentence, however, was based upon a sentencing range under the United States Sentencing Guidelines (the "Guidelines" or "Sentencing Guidelines") that has been subsequently lowered, then the court may reduce the defendant's term of imprisonment, provided the reduction is consistent with the applicable policy statement issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statement is found at section 1B1.10 of the Sentencing Guidelines. It states that a reduction is warranted where the applicable guideline range has subsequently been lowered as the result of one of the guideline amendments listed in section 1B1.10(c). U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 (2007). If the sentencing range is not reduced by a listed amendment, then, under section 3582, the defendant is not eligible for a reduction in sentence. Even if eligible for a reduction, section 3582(c)(2) does not provide for a "full de novo resentencing." United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997). The amended sentencing guideline provision is substituted for the corresponding provision, and all other guideline application decisions are not altered. Id.

*Discussion*

**I. Sentencing Guidelines Amendments**

Defendant contends that, based upon amendments 706 and 711 to the Sentencing Guidelines, his base offense level must be recalculated prior to applying any sentencing

4

enhancements, the maximum sentence in his case is the default of twenty years, and the court has jurisdiction to reopen sentencing under section 3582(c)(2).

**1. Base Offense Level Recalculation**

On November 1, 2007, amendment 706 to the Sentencing Guidelines became effective. The amendment addressed the disparity in sentences between defendants who possess different forms of cocaine. Prior to the amendment, the Guidelines provided for a 100-to-1 ratio for sentences involving crack cocaine in comparison to those involving cocaine powder. For instance, the Guidelines assigned defendants the same base offense level for a crime involving 150 kilograms or more of powder cocaine and for a crime involving only 1.5 kilograms or more of crack cocaine. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1) (2006). Amendment 706 was designed to alter the 100-to-1 ratio. After the amendment, 4.5 kilograms of crack cocaine is now treated as the equivalent of 150 kilograms of cocaine powder. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1) (2007). The overall effect of the amendment is to reduce by two levels the base offense level of a defendant sentenced under section 2D1.1 for a crack cocaine offense. United States v. Rivera, 535 F. Supp.2d 527, 528-29 (E.D. Pa. 2008).

Amendment 706 applies retroactively, as it is one of the amendments listed in section 1B1.10(c). The retroactive effect of the amendment will be to reduce the base offense level of a defendant who has already been sentenced and imprisoned by two levels. According to section 1B1.10 of the Guidelines and 18 U.S.C. § 3582(c)(2), if the reduction in the base offense level changes the sentencing range that served as the basis for defendant's sentence, then the defendant's sentence may be modified.

In addition to amendment 706, amendment 711 became effective on November 1, 2007.

Amendment 711 is irrelevant for purposes of defendant's motion, however, because it applies to the calculation of sentences when additional drugs besides cocaine base are involved in the offense.

At sentencing, this court attributed at least 1.5 kilograms of crack cocaine to defendant and determined defendant had a base offense level of 38 under sections 2D1.1(a)(3) and 2D1.1(c) of the Guidelines. Defendant received a two-level increase because he possessed a firearm, a two- level increase for obstruction of justice, and a two-level reduction for acceptance of responsibility. After taking these adjustments into account, defendant had an offense level of 40. By reason of defendant's convictions for two prior felony drug-trafficking offenses, he was determined to be a career offender, resulting in a criminal history category of VI. U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (2007). The guideline sentencing range based upon an adjusted offense level of 40 and a criminal history category of VI was found to be 360 months to life imprisonment.

Section 1B1.10(b) provides that:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b) (2007). The court cannot revisit any sentencing determinations, other than those affected by the amendment. If amendment 706 had

been in effect at the time defendant was sentenced, defendant's base offense level would have been 36. All other decisions regarding the application of the guidelines cannot be changed pursuant to section 1B1.10(b), so the adjustments have the same effect as they did at the time of the original sentencing. The two-level increase for possession of a firearm and the two-level increase for obstruction of justice apply, as does the two-level reduction for acceptance of responsibility. The calculation of defendant's criminal history of category VI remains unchanged as well. After factoring in all adjustments, his total offense level would have been 38 if amendment 706 applied at sentencing. The guideline sentencing range based on a total offense level of 38 and a criminal history category of VI is 360 months to life, which is identical to the guideline range that was applied at defendant's original sentencing.

Defendant is not entitled to a reduction in sentence, because amendment 706 does not have the effect of changing the sentencing range upon which defendant's original sentence was based. Section 1B1.10(a)(1) clearly states that a term of imprisonment may be reduced when "the guideline range applicable to the defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b) (2007). Section 1B1.10(a)(2)(B) further explains that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B) (2007). See United States v. Muldrow, No. 92-20063-02, 2008 WL 2783152, at *1 (D. Kan. July 15, 2008) (although defendant's base offense level was two levels less after applying the amended guidelines, the range was not affected, and for that reason a reduction was

not consistent with the applicable policy statement); United States v. Williamson, No. 93-20048-002, 2008 WL 2782751, at *1 (D. Kan. July 7, 2008) (same).

Here, amendment 706 does not have the effect of lowering defendant's applicable guideline range, and a reduction of his term of imprisonment is not authorized under 18 U.S.C. § 3582(c).

**2. Maximum Sentence**

Defendant also argues that under the current state of the law, the statutory maximum term of imprisonment for a violation of 21 U.S.C. § 846 is twenty years. Defendant fails to cite any basis for this assertion.

Section 846 provides "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. Here, defendant pled guilty to conspiring to distribute and conspiring to possess with intent to distribute 50 or more grams of crack cocaine. Defendant is subject to the penalties found at 21 U.S.C. § 841 for distributing and possessing with intent to distribute 50 or more grams of crack cocaine. The relevant penalties include a sentence of a term of imprisonment at a minimum of ten years and a maximum of life. 21 U.S.C. § 841(b)(1)(A)(iii). Defendant's sentence of imprisonment for 360 months falls within the range permitted by the statute.

Even if the penalty mandated by the statute had been changed post-sentencing, the change would not provide a basis to modify the sentence. As already explained, a district court does not have the power to alter a sentence once imposed, except as provided in section 3582(c)(2), i.e., the sentencing range was subsequently lowered.

**II. Jurisdictionally Defective Sentence**

Defendant contends that his sentence was "jurisdictionally defective." He argues that he did not receive the appropriate prior notice as required by 21 U.S.C. § 851(a)(1), because the government withdrew its original section 851 information and filed an amended information at the time he entered his plea of guilty. Because the government allegedly failed to provide notice under section 851, defendant argues the sentencing court lacked subject-matter jurisdiction to determine that he was a career offender and impose a sentence under criminal history category VI. Defendant accordingly asserts that he is entitled to be resentenced.

Defendant already challenged his career offender status on direct appeal to the Court of Appeals for the Third Circuit, and that claim was rejected. United States v. Hopson, 250 F. App'x 502, 506-07 (3d Cir. 2007). The court's determination that defendant was a career offender cannot be reconsidered.

Defendant's contention that he did not receive the appropriate notice required by 21 U.S.C. § 851 does not provide a cognizable ground for relief under section 3582(c)(2). See United States v. Millsaps, 235 F. App'x 990 (5th Cir. 2007); United States v. Garza, 55 F. App'x 730, 731 (6th Cir. 2003).[1] A sentence may be reduced under section 3582(c)(2) only when a retroactive amendment alters the applicable guideline provisions, and all other guideline application decisions are to remain unaffected. Defendant does not point to any guideline amendments concerning criminal history; the recent guideline amendment that relates to criminal history, amendment 709, does not retroactively apply. See United States v. Archer, 282 F. App'x 164, 169 (3d Cir. 2008). The only amendments raised in the motion are amendments 706 and

---

[1] The only decisions which considered this issue were non-precedential.

9

711. The decision with respect to defendant's criminal history cannot be challenged in this section 3582(c)(2) motion based upon amendments 706 and 711, since those amendments do not alter the criminal history calculation.

Although defendant's motion was filed as a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), courts have "routinely converted post conviction motions of prisoners who unsuccessfully sought relief under some other provision of law into motions made under 28 U.S.C. § 2255 and proceeded to determine whether the prisoner was entitled to relief under that statute."  United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (quoting Adams v. United States, 155 F.3d 582, 583 (2d Cir. 1998)) . "[F]ederal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." Miller, 197 F.3d at 647-48 (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)).  Here, defendant's claim that the government did not provide advance notice as required by section 851 would, if found true and not otherwise barred, entitle him to post-judgment relief under 28 U.S.C. § 2255.  See Cradle v. United States ex rel. Miner, 290 F.3d 536 (3d Cir. 2002) (petitioner claimed the sentencing court was without jurisdiction to impose the sentence petitioner received because the government's notice did not comply with 21 U.S.C. § 851, and the Court of Appeals for the Third Circuit stated "[t]here is no doubt that the claim . . . in this petition falls within the purview of § 2255.").

Under the Antiterrorism Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §§ 2241-66, there are consequences to recharacterizing a motion as a 28 U.S.C. § 2255 petition.  If a petition is dismissed on the merits, the petitioner is barred, except in limited circumstances, from filing a

second or successive collateral attack on his conviction. 28 U.S.C. § 2255(h). Therefore, the Court of Appeals for the Third Circuit held in United States v. Miller that a district court must take certain protective measures:

> [U]pon receipt of a pro se pleading challenging an inmate's conviction – whether styled as a § 2255 motion or not – district courts should issue a form notice to the petitioner regarding the effect of such a pleading in light of AEDPA. This communication should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 have his motion recharacterized as a § 2255 and heard as such, but lose his ability to file a second or successive petitions absent certification by the court of appeals; or (3) withdraw his motion and file one all-inclusive § 2255 petition within the one-year statutory period prescribed by AEDPA in § 2255.

Miller, 197 F.3d at 646.[2]

Even assuming that defendant's claim with respect to the section 851 information would be plausible if considered as a 28 U.S.C. § 2255 motion, defendant waived the right to file such a motion in the plea agreement entered into between defendant and the government. Criminal defendants may waive the right to file a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. The waiver, however, will be enforced only if it is knowing and voluntary.

---

[2] In dicta, the Court of Appeals for the Third Circuit in United States v. Perry, 142 F. App'x 610 (3d Cir. 2005), expressed concern over the requirements of Miller in light of the Supreme Court's decisions in Castro v. United States, 540 U.S. 375 (2003) and Pliler v. Ford, 542 U.S. 225 (2004). The court of appeals explained that the Supreme Court's decisions required a prisoner be given notice prior to recharacterizing the prisoner's post-conviction filing as a 28 U.S.C. § 2255 motion, but the court is not required to warn the prisoner of certain consequences. The Court of Appeals for the Third Circuit noted that Miller may require the courts to go too far by issuing a "procedural roadmap to every pro se litigant who files a pleading, however denominated, expressing an intention to challenge his or her conviction or sentence." Perry, 142 F. App'x at 612-13. The Court of Appeals for the Third Circuit has nonetheless cited the Miller requirements with approval since it decided Perry. See In re Wagner, 421 F.3d 275, 278 (3d Cir. 2005).

United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008); United States v. Clive, No 05-0383, 2008 WL 3889726 at *6-7 (W.D. Pa. Aug. 19, 2008). If the waiver is enforceable, the court refrains from exercising subject-matter jurisdiction to consider the merits of the motion, unless the result would work a miscarriage of justice. United States v. Khattak, 273 F.3d 557, 558, 563 (3d Cir. 2001); Mabry, 536 F.3d at 237 n.4.

In United States v. Perry, 142 F. App'x 610 (3d Cir. 2005),[3] a pro se prisoner filed a "Motion to Correct Sentence Enhancement." The prisoner argued that, based upon Federal Rule of Civil Procedure 60(b), the district court lacked jurisdiction over his offense because his gun did not travel in interstate commerce, and that he was entitled to resentencing in light of Blakely v. Washington, 542 U.S. 296 (2004). The district court analyzed the prisoner's motion as filed and denied relief. The district court found that the prisoner's motion was a collateral attack on his sentence, and he waived the right to file a collateral attack in the plea agreement. The district court explained that the prisoner did not claim or present evidence suggesting the waiver was unknowing and involuntary, and that there was no evidence of a miscarriage of justice. The court therefore enforced the waiver and denied the motion. Perry, 142 F. App'x at 611-12.

The prisoner appealed to the Court of Appeals for the Third Circuit, and the court of appeals affirmed the district court's judgment. The district court failed to give the notice prescribed by Miller. The court of appeals, however, held that the district court did not err in failing to provide Miller notice, since notice under the circumstances was not required. Notice is not required if it serves no meaningful purpose. Id. at 612; see United States v. Chew, 284 F.3d

---

[3]Perry is the only decision which raised the specific issue presented in this case, and the Perry decision is non-precedential.

468, 471 (3d Cir. 2002) (district court did not err in failing to give Miller notice, because motion would have been time-barred if recharacterized as a 28 U.S.C. § 2255 petition and providing notice would have been "an exercise in futility"); see also Smith v. Nash, 145 F. App'x 727, 728-29 (3d Cir. 2005) (district court did not err in failing to give Miller notice, because motion would have been untimely if recharacterzied as a 28 U.S.C. § 2255 petition and thus Miller notice would have served no purpose). The prisoner in Perry validly waived his right to file a collateral attack, and for that reason the notice would have served no meaningful purpose. Perry, 142 F. App'x at 612.

Here, even if defendant's claim that the court failed to comply with the requirements of section 851 is liberally construed as a collateral attack on his sentence under 28 U.S.C. § 2255, defendant is not entitled to post-judgment relief, and is not entitled to Miller notice. Similar to the prisoner in Perry, defendant in this case waived his right to attack collaterally his sentence under 28 U.S.C. § 2255 in the plea agreement. Defendant did not claim or offer evidence to the effect that his waiver of the right to file a motion pursuant to 28 U.S.C. § 2255 was unknowing or involuntary. There is no evidence that enforcing the waiver would result in a miscarriage of justice. As in Perry, defendant's waiver will be enforced, and his claim will be denied. Notice in accordance with Miller would serve no meaningful purpose in this situation, since defendant waived his right to file a collateral attack.

*Certificate of Appealability*

When a district court issues a final order denying a 28 U.S.C. § 2255 petition, the court must also make a determination concerning whether a certificate of appealability ("COA")

13

should issue or the clerk of the court of appeals shall remand the case to the district court for a prompt determination as to whether a certificate should issue. See 3d Cir. L.A.R. 22.2 (2008). Based upon the motion and files and records of the case, and for the reasons set forth herein, the court finds that petitioner has not shown a substantial denial of a constitutional right. Therefore, a COA should not issue.

### *Conclusion*

AND NOW, this 26th day of January, 2009, upon consideration of defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 241), and the government's brief in opposition (Docket No. 243), IT IS HEREBY ORDERED that defendant's motion is DENIED.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: Counsel of Record

Mark Hopson
USM #07809-068
FCI Otisville, PO Box 1000
Otisville, NY 10963