# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 03-151 |
| | ) | |
| MARK HOPSON, | ) | |
| Defendant. | ) | |

## OPINION

CONTI, Senior District Judge.

### I. Introduction

Pending before the court is a motion for reduction of sentence pursuant to the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 filed by defendant Mark Hopson ("Hopson" or "defendant") (ECF No. 270). The government filed a response in opposition to the motion (ECF No. 273), Hopson filed a reply brief (ECF No. 276). and the motion is ripe for disposition.

### II. Background

On May 19, 2003, a federal grand jury returned an indictment charging petitioner with seven counts of criminal acts, based upon conduct occurring between 1998 and 2002. (ECF No. 1.) The charges stemmed from Hopson's dealing in large quantities of crack cocaine during that period. In count one, Hopson was charged with conspiracy to distribute and conspiracy to possess with intent to distribute 50 or more grams of crack cocaine from 1998 through 2002, in violation of 21 U.S.C. § 846. In counts two through six, defendant was charged (along with his mother, co-defendant Sarah Hopson) with conducting transactions with the proceeds of the illegal drug trafficking. Specifically, count two charged a violation of 18 U.S.C. § 1956(h)

(money laundering conspiracy), involving a $16,000 down payment on a 2001 GMC Yukon Denali motor vehicle, a $12,000 child support payment to the Mercer County Court of Common Pleas, and various purchases of household goods in an amount in excess of $100,000. Count three charged a violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2 regarding the payment of $12,000 in child support, and count four charged a violation of 18 U.S.C. § 1957(a) regarding that payment. Count five charged a violation of 18 U.S.C. § 1956(a)(1)(B)(i) regarding the purchase of the GMC Yukon Denali motor vehicle. Count six charged violations of both 18 U.S.C. § 1957(a) and 18 U.S.C. § 2 regarding the down payment of $16,000 toward the purchase of the vehicle. In count seven, defendant was charged with a violation of 18 U.S.C. § 922(g)(1) for possessing a firearm while having previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

On October 5, 2004, the government filed an information pursuant to 21 U.S.C. § 851 noting two prior drug felony offenses for which Hopson had been convicted. (ECF No. 106.) If convicted, Hopson faced a statutory mandatory sentence of life imprisonment. (ECF No. 273-2 at 36-37). A jury trial was set for April 2005. On February 7, 2005, the government filed a complaint against Hopson charging him with a violation of 18 U.S.C. § 1512(a)(2)(B)(i), for tampering with a witness for the upcoming trial by the use of physical force. (Crim. No. 05-42, ECF No. 1.) A grand jury indicted Hopson on this charge on March 1, 2005. (Crim. No. 05-42, ECF No. 12.)

On the eve of trial on April 8, 2005, the parties reached a plea agreement, and Hopson pleaded guilty to counts one and two of the indictment at Criminal No. 03-151. (ECF Nos. 138, 139.) Hopson acknowledged that count 1 (conspiracy to distribute 50 grams or more of cocaine base) carried a mandatory minimum penalty of twenty years of imprisonment. As part of the

agreement, the government agreed to dismiss counts 3-7 at Criminal No. 03-151 and filed an amended information charging Hopson with only one prior drug felony conviction, as opposed to two.[1] (ECF No. 137.) During the plea hearing defendant agreed with the government's summary of what he did and the court accepted his guilty plea. (ECF No. 273-1 at 40.)

Under the plea agreement, defendant waived his right to appeal his conviction and to attack collaterally his sentence, subject to limited exceptions. (Id. at 20-21.) Hopson subsequently attempted to withdraw his guilty plea on the ground that it was not knowing and voluntary, but after multiple hearings the court denied his motion. (ECF No. 177). The court issued its Tentative Findings on March 8, 2006, finding Hopson was a career offender by reason of his two prior felony convictions. (ECF No. 176.). The guideline range, however, was driven by the base offense level for the amount of crack cocaine plus enhancements for possession of a firearm and obstruction of justice.

On June 13, 2006, Hopson pleaded guilty to obstruction of justice at Criminal No. 05-42 and all charges were consolidated for sentencing, which occurred immediately following the change of plea. Hopson challenged the quantity of crack cocaine attributed to him. After considering testimony from the government, the court found that Hopson was responsible for more than 1.5 kilograms of crack cocaine. (ECF No. 273-2 at 47-55). The court commented that the record could have supported a greater amount, because $90,000 in laundered proceeds corresponded to more than two or perhaps three kilograms of crack. (ECF No. 273-2 at 54).

The court sentenced Hopson at count one of the indictment at Criminal No. 03-151 to a term of imprisonment of 360 months, to be followed by a ten-year term of supervised release,

---

[1] The amended § 851 information was beneficial to defendant because it reduced the statutory mandatory minimum sentence from life imprisonment to twenty years imprisonment. (ECF No. 273-2 at 36-37.)

3

and to a concurrent term of imprisonment of 240 months at count two of that same indictment. (ECF Nos. 182, 183.) At Criminal No. 05-42, Hopson was sentenced to a term of imprisonment of 240 months to run concurrently with the sentence imposed at Criminal No. 03-151. (Crim. No. 05-42, ECF Nos. 56, 57.)

On October 9, 2007, the United States Court of Appeals for the Third Circuit affirmed the convictions and sentences imposed by this court. (Crim. No. 03-151, ECF No. 238, 239; Crim. No. 05-41, ECF No. 70.) In particular, the court of appeals held that Hopson was properly classified as a career offender.

On June 24, 2009, the court denied defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) because amendment 706 to the Sentencing Guidelines did not affect his guideline range of imprisonment and because the court found his contentions that his sentence exceeded the statutory maximum and that his sentence was "jurisdictionally defective" to be without merit. (Crim. No. 03-151, ECF No. 248.) On April 1, 2010, the court enforced defendant's waiver of his right to file a § 2255 motion and denied his § 2255 motion. (ECF No. 256).

On October 13, 2016, the court granted a motion to reduce Hopson's sentence pursuant to Amendment 782, over the government's objection, and resentenced him to a term of imprisonment of 292 months, which was the low end of the advisory guideline range based on his career offender status. The court explained the reasons for its decision as follows:

> There is no dispute that defendant's criminal history includes serious offenses involving the distribution of drugs, the possession of firearms, and physical violence. Prior to his present incarceration, defendant was a drug dealer and abuser. Defendant's criminal history is not uncommon for one who pursues a livelihood in the drug trade. As reflected in the documents submitted with defendant's motion, upon being removed from the drug trade defendant has exhibited consistent compliance and made significant progress toward obtaining the necessary skills to better his life. The Inmate Skills Development Plan indicates

4

that defendant's conduct has been exemplary while incarcerated. Even with a sentence reduction, defendant will serve at least 7 more years in prison, and a total of nearly 20 years in jail, with all good time credit, which is a significant term of incarceration. When defendant is released, he will be in his 50s. After his release he will serve a 10-year period of supervised release. Should defendant exhibit violent tendencies or decide to return to the drug culture, as either a user or dealer, he will suffer the consequences. The court rejects the government's position that a reduction is not warranted because defendant presents an unacceptable danger to society. In doing so, the court is aware of defendant's involvement with an attack on a government witness, which is a very serious offense. Defendant, however, was sentenced to 240 months' imprisonment for this crime at Criminal Action Number 05-042, and even with a sentence reduction at Count 1 in the instant case, will serve the entirety of that sentence, plus additional time.

> The court also rejects the notion that defendant should be denied a sentence reduction because he reaped the benefits of a plea agreement. This is a common circumstance in criminal cases, and is not a basis upon which to deny relief where the government concedes that defendant qualifies for a sentence reduction.

ECF No. 267.

In the current motion, Hopson asks the court to exercise its discretion to further reduce his term of imprisonment to 240 months.

### III. Discussion

#### A. The First Step Act Generally

A district court has limited authority to modify a sentence. The court's limited authority to reduce defendant's sentence under the First Step Act is provided by 18 U.S.C. § 3582(c)(1)(B), which provides, in pertinent part: "the court may modify an imposed term of imprisonment ***to the extent otherwise expressly permitted by statute***…." 18 U.S.C. § 3582(c)(1)(B) (emphasis added). The express provisions of the First Step Act provide this court with the authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act…were in effect at the time the covered offense was committed." First Step Act § 404(b). "Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine that triggered mandatory minimum penalties." United

5

States Sentencing Commission, Office of Education & Sentencing Practice, *FIRST STEP Act*, INSIDER EXPRESS SPECIAL EDITION, January 2019, at 1. "Section 3 of the Fair Sentencing Act eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine." Id.

If a district court determines that a defendant is eligible for relief under the First Step Act, the district court may exercise its discretion to reduce the defendant's sentence. The First Step Act provides: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c). Courts construe this provision to mean that a district court has discretion whether to reduce a sentence imposed upon a defendant who was sentenced prior to the enactment of the Fair Sentencing Act. Ladd v. Kallis, No. 18-CV-1063, 2019 WL 1585110, at *2 (C.D. Ill. Apr. 12, 2019) ('The First Step Act gave sentencing courts discretion to resentence individuals such as Ladd, who had been sentenced prior to the Fair Sentencing Act."); United States v. Bishop, No. 10-CR-30166-JPG, 2019 WL 1377020, at *1 (S.D. Ill. Mar. 27, 2019) ("Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence."); United States v. Glore, No. 99-CR-82-PP, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019) ("The First Step Act does not mandate sentence reductions for defendants who meet these qualifications; it leaves to the court's discretion whether to reduce their sentences."); United States v. Davis, No. 07-CR-245S (1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) ("Relief under the First Step Act is discretionary.").

If the court exercises its discretion to resentence Hopson, it must consider the factors set forth in 18 U.S.C. § 3553(a) when reducing the sentence. Nothing in the First Step Act or § 3582(c)(1)(B) nullified the mandate in § 3553(a) that "[t]he court, in determining the particular sentence to be imposed, shall consider" the § 3553(a) factors. 18 U.S.C. § 3553(a); United States v. Lewis, No. CR 08-0057 JB, 2019 WL 1923047, at *24 (D.N.M. Apr. 30, 2019) ("The Court concludes that, although the First Step Act does not require a full resentencing with the defendant present, the First Step Act permits a court to consider the 18 U.S.C. § 3553(a) factors in determining whether a First Step Act-eligible defendant's circumstances warrant a sentence reduction, and to what extent the court should reduce his or her sentence."); United States v. Allen, No. 3:96-CR-00149-RNC-3, 2019 WL 1877072, at *4 (D. Conn. Apr. 26, 2019) ("Any potential disparity can be considered in deciding whether to grant a sentence reduction under the First Step Act."); United States v. Simons, No. 07-CR-00874, 2019 WL 1760840, at *7 (E.D.N.Y. Apr. 22, 2019) (finding reduction of the defendant's sentence was warranted after consideration of the § 3553(a) factors).

Based upon the foregoing, the court will determine whether Hopson is eligible for relief, whether to exercise its discretion to reduce Hopson' sentence, and, if so, conduct a resentencing limited to consideration of the § 3553(a) factors and as if sections 2 and 3 of the Fair Sentencing Act were effective on the day Hopson committed his offenses of conviction.

**B. Eligibility for Relief**

Hopson contends that the statutory minimum term of imprisonment applicable to the crime for which he was indicted and to which he pleaded guilty (i.e., a conspiracy involving 50 grams or more of crack cocaine) is reduced from twenty years to ten years and the mandatory minimum

term of supervised release is reduced from ten years to eight years under the Fair Sentencing Act.[2] 21 U.S.C. § 841(b)(1)(B)(iii). Hopson argues, therefore, that he is eligible for relief under the First Step Act.

The government focuses on the actual conduct in which Hopson engaged. Hopson was found by the court to have conspired to distribute 1.5 kilograms of crack cocaine. The Fair Sentencing Act of 2010 raised the threshold for a violation of 21 U.S.C. § 841(b)(1)(A)(iii) from 50 grams to 280 grams. The government reasons that if the Fair Sentencing Act of 2010 was in effect at the time Hopson committed his offense, he would have been charged with a conspiracy involving 280 grams or more of crack cocaine and would have been subject to the exact same penalties. The government argues, therefore, that Hopson is not eligible for relief under the First Step Act.

There is a split of authority on this issue. *Compare, e.g.,* United States v. Haynes, No. 8:08CR441, 2019 WL 1430125, at *2 (D. Neb. Mar. 29, 2019) (focusing on drug quantity found at sentencing and noting that the government understandably charged the offense "in accordance with the wording of the statutes as they existed at the time of the Indictment"); *with* United States v. Askins, No. CR0200645001PHXSRB, 2019 WL 3800227, at *3 (D. Ariz. Aug. 6, 2019) (First Step Act "necessarily tethers covered offenses to statutes, not to the underlying conduct for which an individual defendant was sentenced"). The United States Supreme Court and the Court of Appeals for the Third Circuit have not addressed the issue.

In United States v. Harris, Crim. No. 06-182, another member of this court recognized the split in authority, declined to resolve the dispute, and assumed arguendo that the defendant was eligible for relief. (ECF No. 92). This court will do likewise.

---

[2] The penalties reflect the § 851 Information for one prior felony drug conviction.

**C. Exercise of Discretion**

The court will decline to exercise its discretion to reduce the sentence imposed upon Hopson. The court thoroughly discussed the § 3553(a) factors in imposing Hopson's original sentence. The court stated, in relevant part: (1) Hopson committed extremely serious crimes, devastating to the community, involving multi-kilos of crack cocaine[3]; (2) his history and characteristics showed lifelong interactions with the criminal justice system; (3) a prison term of 360 months was warranted in order to reflect the seriousness of the offense, promote respect for the law and provide just punishment; (4) the substantial sentence being ordered would protect the public from further crimes by Hopson; (5) the court selected a sentence within the guideline range, although at the lowest end, and could have imposed life imprisonment; and (6) the court chose not to deviate from the guideline range because it would create an unwarranted disparity with other similarly-situated defendants. The court stated that its sentence addressed the goals of punishment, rehabilitation and deterrence. (ECF No. 273-2 at 72-76). The court adheres to its application of the § 3553(a) factors in this case.

Several other considerations influence the court's decision to decline to reduce Hopson's sentence. Hopson's sentence was reduced substantially in 2016 (by 68 months, from 360 months to 292 months) pursuant to Amendment 782, for the reasons stated by the court at that time, including his post-sentence rehabilitation. The First Step Act revisions do not directly impact Hopson because his original sentence was not driven by the statutory minimum (at that time 240 months), but by his guideline range (360 months to life). Although the First Step Act arguably reduces the applicable statutory mandatory minimum, it does not affect Hopson's guideline calculation. As the court previously determined, a sentence within the guideline range (at that time

---

[3] Hopson was sentenced at the same time to a concurrent sentence at Crim. No. 05-42 for obstructing justice by beating a witness who agreed to testify against him with a golf club.

360 months to life) is warranted. Further limiting the impact of the First Step Act in this case, Hopson's guideline range is no longer driven by his drug quantity, but by his career offender status. Hopson argues that his career offender advisory guideline range would now be 262-327 months. (ECF No. 270 at 10). This range is based on the incorrect assumption that Hopson would receive a three-level reduction for acceptance of responsibility. *Id*. Because he did not plead guilty until the eve of trial, Hopson received only a two-level reduction. Tr. at 59. Hopson's advisory guideline range remains 292-365 months, based on offense level 35 and criminal history category VI.

The court again considers the information regarding Hopson's post-sentence rehabilitative efforts. While his active participation in educational and vocational training is laudable and the court encourages him to continue his training, those efforts were recognized in reducing his sentence in 2016 and are not sufficient to outweigh the other sentencing considerations. In light of the First Step Act, consideration of the § 3553(a) factors and Hopson' progress while incarcerated, a reduction in Hopson' term of imprisonment and term of supervised release is not warranted.

## IV. Conclusion

The court assumes, arguendo, that Hopson is eligible to seek relief under the First Step Act. For the reasons set forth above, the court declines to exercise its discretion to further reduce his term of imprisonment and supervised release. The motion for reduction of sentence under the First Step Act (ECF No. 270) will, therefore, be denied.

An appropriate order follows.

BY THE COURT,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge